With respect to Justice Cook's dissenting opinion, I will briefly comment. Justice Cook writes: "The main opinion asserts that `this Court does not have the authority to reduce or reject the sanction imposed by the Court of the Judiciary.'" 759 So.2d at 558. I have always agreed with this wise saying: "A text without a context is a pretext." The complete quote, which I consider to be a more accurate communication of this Court's holding in this case, is as follows:
 "This Court has repeatedly held that when it reviews the record of the proceedings of the Court of the Judiciary on the law and the facts, if the record shows by clear and convincing evidence that the charge or charges have been committed then this Court does not have the authority to reduce or reject the sanction imposed by the Court of the Judiciary."
759 So.2d at 555. (Citations omitted; emphasis added.)
The Alabama Constitution of 1901, Amendment 328, §§ 6.17 and 6.18, set up a system for policing the Alabama judiciary. It is not for this Court to second-guess the decisions of the policing mechanisms the people set up for judges by adopting Amendment 328. Of course, if a sanction imposed by the Court of the Judiciary was not supported by clear and convincing evidence, or if it was not clear that a judge had committed a particular offense, then this Court would do its duty to superintend the Court of the Judiciary. However, this case does not present such a situation.